IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BRIAN DEBORIS BLACK, #50642509** | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22cv332 |
| **FANNIN COUNTY, ET AL.** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Brian Deboris Black filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On June 7, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $11.57. (Dkt. #8). When Plaintiff failed to comply with the Court's Order, the Court issued a Report and Recommendation (Dkt. #11), recommending that the case be dismissed without prejudice for Plaintiff's failure to prosecute. Plaintiff filed objections (Dkt. #12), stating that he needed additional time to pay the initial partial filing fee. On August 23, 2022, the Court withdrew the Report and Recommendation and ordered Plaintiff, within thirty days, to pay the initial partial filing fee of $11.57 or show that he had insufficient assets or means by which to pay the initial partial filing fee. (Dkt. #13). When Plaintiff again failed to comply with the Court's Order, the Court issued a second Report and Recommendation (Dkt. #14), recommending that the case be dismissed without prejudice for Plaintiff's failure to prosecute. Plaintiff filed objections (Dkt. #15), stating that he had been moved to Cimarron Correctional Facility in Cushing, Oklahoma, and that his family had been trying to pay the initial partial filing fee but had been unable to do so. Plaintiff

1

did not submit a data sheet from Cimarron Correctional Facility showing a complete transactional history. Thus, on November 1, 2022, the Court withdrew the second Report and Recommendation and gave Plaintiff one more opportunity to pay the initial partial filing fee of $11.57 or submit an up-to-date certified data sheet from Cimarron Correctional Facility demonstrating that he has insufficient assets or means by which to pay the initial partial filing fee. (Dkt. #16). The Court gave Plaintiff fourteen days from the receipt of the Order to comply. (Dkt. #16). The record shows that Plaintiff acknowledged receipt of the Order. (Dkt. #17). The acknowledgment card was signed but not dated by Plaintiff; however, the Court received and filed the acknowledgement card on November 8, 2022. (Dkt. #17). Thus, it has been over fourteen days since Plaintiff received the Order (Dkt. #16). As of this date, Plaintiff has failed to comply with the Court's Order; thus, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's order. Therefore, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore recommended that the case be dismissed without prejudice. Fed. R. Civ. P. 41(b).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 29th day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE